UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL A. FUENTES, :
    Plaintiff, :
     :
    v. : CASE NO: 3:10cv862 (VLB)
     :
BAILEY, J.D., et al., :
    Defendants. :

## MEMORANDUM OF DECISION DISMISSING THE PLAINTIFF'S COMPLAINT

Plaintiff Michael Fuentes, a resident of Darien, Connecticut, brings this action against "Bailey J.D.," "Attorney Colarusso," and various unknown and unnamed police officers, attorneys, prosecutors, and Hartford Superior Court Judges. The Plaintiff alleges violations of his civil rights under 42 U.S.C. §§ 1983, 1985 and the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801 et seq. The Plaintiff's requested relief includes $6 million, the return of a November 1995 arrest warrant from the Darien Police Station, all of his Pennsylvania records, and the probationary reinstatement of his Connecticut medical license. Plaintiff proceeds pro se and has been granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. [Doc. #6]. It should be noted that the Plaintiff has filed nine (9) other lawsuits in this district.[1] For the reasons set forth below, the Court dismisses the Plaintiff's complaint as frivolous.

---

[1] See (1) Fuentes v. Nader, et al, 3:99-cv-1726 (AWT); (2)Fuentes v. Tilles, et al, 3:09-cv-494 (RNC); (3) Fuentes v. Medical Board of Connecticut, 3:96-cv-2282 (AHN); (4) Fuentes v.Conway, 3:09-cv-492 (RNC); (5) Fuentes v. Shipicowitz, 3:09-cv521 (RNC); (6) Fuentes v. Allegheny Hospital, 3:08-cv-277 (JCH); (7) Fuentes v. Geisinger Health Plan HMO, 3:09-cv-193 (AWT); (8)Fuentes v. Turicin, 3:09-cv-522 (RNC); (9) Fuentes v. J.Amendola, J.D., 3:09-cv-1582 (VLB).

When the Court grants in forma pauperis status, the Court must conduct an initial screening of the complaint to ensure that the case is sufficiently meritorious to proceed. 28 U.S.C. § 1915. This provision, subsection (e), protects against abuses of the in forma pauperis privilege by providing that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; or (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

A claim is "frivolous" if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hidalgo-Disla v. INS, 52 F.3d 44, 446-447 (2d Cir. 1995). As the Supreme Court explained in Neitzke, §1915(e)(2) [2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the usual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

In this case, the Plaintiff claims that he was victimized by "reverse anti-Semitism" on June 6, 2006, when "foreign psychiatrist Bob Wettestein" showed him a clipping from a Darien newspaper and informed him "you're going to lose your PA med license due to this 1995 arrest." The Plaintiff states that his Pennsylvania medical license was ultimately revoked in March 2009, purportedly because he had been coerced into pleading guilty to felony drug charges on June 3, 2009. The Plaintiff asserts, conclusorily, without reference to any supporting facts, that these incidents resulted in the fraudulent concealment of all of his

outpatient and inpatient records.

The Plaintiff proceeds to make a series of seemingly unrelated claims. First, he says that the police forced his father to walk barefoot in the snow. Second, he claims that the police caused $2,000 worth of property damage, presumably to his home, by kicking down a door. Third, he alleges "piracy" in that he and his father were denied access to healthcare and legal care from 1995 to the present. Fourth, the Plaintiff claims to have been asked "How can you be a mensch with your father being an anti-Semitic son of a bitch?" without identifying the speaker or the context in which the question was asked. This question, according to the Plaintiff, amounts to "egregious illegal reverse anti-Semitism." Finally, the Plaintiff argues ineffective assistance of counsel by an attorney named Colarusso, citing "Chapter 20" of the 2005 edition of the "Hovenkamp Federal Antitrust Policy." Specifically, the Plaintiff asserts that "state employees do not have Parker-like immunity with egregious conduct as individuals and/or helpers." The Plaintiff fails, however, to identify any individual state employees or their allegedly egregious conduct.

In summary, the Plaintiff has sued two individuals, whose precise identity cannot be ascertained, as well as many judges, police officers, and attorneys who are entirely unnamed and unknown, for violating his civil rights and the Foreign Intelligence Surveillance Act. Nevertheless, the Complaint fails to allege any specific wrongful acts or omissions by any of the Defendants. The Federal Rules of Civil Procedure require that the complaint set forth a short and plain statement

---

[2] **This section was formerly 28 U.S.C.** §1915(d). See Pub. L. 104-134 (1996).

of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide sufficient facts to put the defendant on fair notice of the claim against him or her. See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512-13 (2002). The Plaintiff's complaint fails completely in this regard. Moreover, the Plaintiff's complaint is not plausible on its face because the Plaintiff has not pleaded enough factual content so that the Court can draw a reasonable inference that the Defendants are liable for the harm that the Plaintiff allegedly suffered. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Indeed, a complaint will not suffice if it simply "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

In addition, based on the facts alleged, the Court finds no basis for the exercise of federal jurisdiction. Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III. The Court has a duty to review a plaintiff's complaint at the earliest opportunity to determine whether the Court has subject matter jurisdiction. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997). Where jurisdiction is lacking, dismissal is mandatory. See Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

To come within this Court's subject matter jurisdiction, as set forth in 28 U.S.C. §§ 1331, 1332, a plaintiff must plead either a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000. See Da Silva v.

Kinsho Int'l Corp., 229 F.3d 358, 363 (2d Cir. 2000). The Plaintiff's complaint fails in both regards. The Plaintiff bears the burden of establishing jurisdiction. See Baruch v. Schmiegelow, 175 Fed. Appx. 422, 422 (2d Cir. 2006) (noting that plaintiff bears burden of showing that a district court has jurisdiction when subject matter jurisdiction is challenged).

The Plaintiff states that he resides in Darien, Connecticut. The Plaintiff does not claim that any of the Defendants reside outside of Connecticut. Therefore, he has not alleged facts establishing jurisdiction on the basis of diversity of citizenship. Although the Plaintiff lists two federal laws that could possibly invoke this Court's federal question jurisdiction, he fails to allege any acts or omissions by any of these Defendants that could possibly give rise to a federal claim. Even when the allegations are construed in the most liberal manner, as this Court is required to do when a Plaintiff proceeds pro se, See Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991), the Court finds that they fail to set forth any violation of the "Constitution, law, or treaties of the United States, as required for this Court's exercise of federal question jurisdiction." There is simply no basis for this Court to exercise subject matter jurisdiction over this complaint.

While a district court must proceed with caution and leniency when considering dismissal of a pro se case under section 1915(e), this case should be dismissed. The Plaintiff's complaint lacks merit and is clearly frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). The Second Circuit has held that when a district court plainly lacks jurisdiction to consider a complaint, dismissal of the case as

"frivolous" under section 1915(e)(2) is proper. See McGann v. Commissioner, 96 F.3d 28, 30 (2d Cir. 1996).

The Court therefore dismisses this action in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The Plaintiff has leave to amend his complaint by September 20, 2010, which is twenty-one (21) days from the date of this ruling, provided that he can do so within the constraints of Fed. R. Civ. P. 8(a), Fed. R. Civ. P. 11, and other procedural rules, to assert claims that are cognizable by this court and contemplated by the present action.

                                                       IT IS SO ORDERED.

                                                _____/s/_____
                                                Hon. Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut this 30th day of August 2010.